## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**ALVIN LEE BOWEN, JR.,**

**Plaintiff,**

**v.**

**CMG MORTGAGE, INC.,**

**Defendant.**

**Case No. 6:25-cv-01043-HLT-GEB**

## MEMORANDUM AND ORDER

Plaintiff Alvin Lee Bowen, Jr.[1] sues the company that previously serviced his mortgage for a violation of the Real Estate Settlement Procedures Act ("RESPA"). Defendant CMG Mortgage moves for summary judgment and argues that no communications by Bowen triggered its obligations under RESPA. Doc. 31. Plaintiff opposes summary judgment and separately moves to withdraw or amend certain admissions. Doc. 36.

The Court understands that navigating federal litigation without the benefit of legal counsel or a legal education can be difficult. But the Court must balance that with its obligations to ensure that the exercise of its authority is fair, just, and legally correct. Taking the motions in reverse order, the Court denies Plaintiff's request to withdraw or amend his admissions because withdrawing or amending the admissions would not change the outcome of this case and allowing Plaintiff to do so at this late stage would prejudice Defendant. The Court grants Defendant's motion for summary judgment because Plaintiff has no evidence he sent correspondence to Defendant in August 2022, and to the extent Plaintiff contends he did send a letter, he has no

---

[1] Because Plaintiff proceeds pro se, his pleadings are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court does not, however, assume the role of advocate. *Id.*

evidence it was sent to the designated address. Nor did Plaintiff send the correspondence in November 2024 to the designated address for requests or notices under RESPA, which was required to trigger Defendant's obligations under that statute.

## I.    BACKGROUND[2]

Plaintiff executed a mortgage note on April 27, 2022. DSOF 1-2. Defendant serviced Plaintiff's mortgage from July 1, 2022, through February 3, 2025. DSOF 3. Defendant sent monthly mortgage statements while it serviced the loan. DSOF 5. The first page of the monthly statements listed an address for Qualified Written Requests ("QWR"), notifications of error, or requests for information. DSOF 6; *see also* DSOF 4. Specifically, the monthly statements had a box in the top right corner of the page with the heading "Contact Us." Doc. 32-1 at 34-122. It includes a phone number, website, and bold text stating:

> **\*Qualified Written Requests, notifications of error, or
> requests for information concerning your loan must be
> directed to PO Box 77423 Ewing NJ 08628**

*See, e.g.*, *id.* at 34. Other correspondence by Defendant also listed that address, including the letter informing Plaintiff that Defendant was going to begin servicing his loan, *id.* at 128 ("If you have any request for information or Notice of Error from your new servicer. [sic] Please send to: PO Box 77423 Ewing, NJ 08628"), on notices for insufficient payment, expiration of insurance, and address updates for Plaintiff, and on the payoff disclosures, *id.* at 129-40 (substantively same message as on monthly statements). DSOF 7-8. Plaintiff does not dispute that the statements contain the address listed but does controvert the fact "to the extent Defendant claims proper

---

[2] For purposes of summary judgment, the following facts are uncontroverted or recited in the light most favorable to the nonmoving party. "DSOF" refers to the statements of fact in Defendant's motion. *See* Doc. 32 at 2-5.

exclusive designation." Doc. 39 at 1-2. He contends the "statements relied upon do not clearly state that the borrower must use the designated address." *Id.* at 1.

Defendant has no record of receiving correspondence from Plaintiff in August 2022. DSOF 10.[3] A QWR from August 2022 was not attached to Plaintiff's petition and was not provided by Plaintiff in discovery. DSOF 11. Defendant asked Plaintiff to admit in a Request for Admission that he does not have a copy of the August 2022 letter he claimed to have sent, and Plaintiff did not respond. *See id.* Plaintiff controverts these facts and states that he mailed correspondence to Defendant in August 2022. Doc. 39 at 2. But he cites no evidence to support this and has not produced an August 2022 letter.

An attorney acting on Plaintiff's behalf sent a letter to Defendant on December 12, 2022, at 425 Phillips Blvd., Ewing, New Jersey 08618. DSOF 12-13. Plaintiff also sent Defendant a letter on November 24, 2024. DSOF 14. That letter was sent to Defendant at PO Box 77404, Ewing, New Jersey 08628. DSOF 15.

Plaintiff never mailed letters to Defendant at PO Box 77423, Ewing, New Jersey 08628, which Defendants states is its designated mailing address for QWRs. DSOF 16. Plaintiff disputes this fact, but he cites no evidence in support. Doc. 39 at 2. Defendant has no record of receiving letters from Plaintiff at the designated address. DSOF 17. Plaintiff does not dispute Defendant's "internal recordkeeping" but disputes the "legal significance" of this fact because it "does not resolve whether Defendant properly established an exclusive address under 12 C.F.R. § 1024.35(c)." Doc. 39 at 2.

---

[3]    In his petition, Plaintiff alleged he sent a QWR in August 2022. *See* Doc. 1-2 at 5; *see also* DSOF 9. But Plaintiff's factual contentions in the Pretrial Order do not allege a QWR was sent in August 2022, or discuss any August 2022 correspondence from Plaintiff. *See* Doc. 30 at 3-6.

Defendant served Plaintiff with requests for admission on July 1, 2025. *See* Doc. 26. Plaintiff never responded, so the admissions are deemed admitted. *See* Doc. 36 at 1; *see also* Fed. R. Civ. P. 36(a)(3). After the magistrate judge entered the Pretrial Order and Defendant filed for summary judgment, Plaintiff filed a motion to withdraw or amend his deemed admissions. Doc. 36. In that motion, Plaintiff admits that Defendant served the requests and that he did not timely respond. *Id.* at 1. His motion offers the following excuse: "Plaintiff's failure to timely respond was not intentional and was not made in bad faith. The failures occurred due to [brief explanation – calendaring error, misunderstanding of deadline, workload, etc. Keep this short and factual.]." *Id.* at 3 (brackets and bracketed language in original).

Based on Plaintiff's deemed admissions, Defendant asserts Plaintiff did not suffer any actual damages based on Defendant's failure to respond to any letters. DSOF 18. Plaintiff controverts this and states he "suffered damages including, but not limited to postage costs, time spent, credit reporting impact, escrow consequences." Doc. 39 at 2. Plaintiff cites no evidence to support this claim. Defendant also asserts based on the admissions that Plaintiff has no evidence that Defendant has a pattern and practice of not responding to QWRs. DSOF 19. Plaintiff controverts this statement without elaboration or evidence.

## II.    STANDARD

Summary judgment is appropriate if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of establishing the absence of a genuine issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to demonstrate that genuine issues remain for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). In applying this standard, courts view the facts and any reasonable inferences in a

light most favorable to the non-moving party. *Henderson v. Inter-Chem Coal Co.*, 41 F.3d 567, 569 (10th Cir. 1994). "An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotation and citation omitted).

III.    ANALYSIS

A.    **Motion to Withdraw or Amend Deemed Admissions (Doc. 36)**

Plaintiff seeks to withdraw or amend the admissions he never responded to during discovery. A failure to respond to a request for admission deems the request admitted. *See* Fed. R. Civ. P. 36(a)(3). "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). "Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." *Id.* This provision has been used where a party fails to respond at all to requests for admission, they are therefore deemed admitted, and then the party seeks to respond out of time. *W. Inv., Inc. v. Cont'l W. Ins. Co.*, 2022 WL 4447427, at *3 (D. Kan. 2022) ("Judges in this District have applied Rule 36(b) to determine whether a party who failed to timely respond to requests for admission may be granted leave to withdraw the admission to substantively respond out of time."). Whether to allow amendment of admissions is within the district court's discretion. *Raiser v. Utah Cnty.*, 409 F.3d 1243, 1245-46 (10th Cir. 2005).

The Court denies Plaintiff's motion. First, Plaintiff offers no explanation for his failure to respond. Defendant served the requests on July 1, 2025. Doc. 26. Plaintiff hasn't explained why he didn't respond.[4] His motion only contains bracketed suggested reasons for not responding,

---

[4]    Defendant's response states that the issue was addressed at the Pretrial Conference, which was held on December 19, 2025. Doc. 41 at 1. Defendant alleges that Plaintiff stated during that conference that he did not realize he

presumably from the form Plaintiff used. *See* Doc. 36 at 3. Although the failure to provide any excuse is not dispositive of Plaintiff's motion, *see Raiser*, 409 F.3d at 1247 ("In ruling on a motion to grant such relief, the court's focus must be on the effect upon the litigation and prejudice to the resisting party rather than on the moving party's excuses for an erroneous admission." (citation modified)), it is noteworthy nonetheless.[5]

Second, and most importantly, permitting withdrawal or amendment would not promote the presentation of the merits of this matter. As discussed further below, the admissions—deemed or not—do not change the outcome of the summary-judgment motion because Plaintiff has not come forward with any correspondence that a reasonable factfinder could find triggered any obligation of Defendant under RESPA.

Third, permitting Plaintiff to withdraw or amend would prejudice Defendant. The burden is on Defendant to show prejudice. *See id.* at 1246. Discovery has long since closed. The Pretrial Order has been entered, and Defendant has moved for summary judgment based on the discovery record in this case. The fact that Defendant has filed a summary-judgment motion relying on the deemed admissions, alone, may not show prejudice. *See id*. But Defendant has met its burden otherwise. Defendant cannot conduct additional discovery to address any changed admissions. As Defendant explained, different answers to the admissions would likely require additional discovery, including depositions. *See* Doc. 41 at 3. But Plaintiff has not even explained which admissions he seeks to amend or withdraw, so Defendant can't even fully identify what would be

---

hadn't responded. *Id.* But Plaintiff then waited until February 15, 2026, to file his motion. Plaintiff did not file a reply or address this delay. Platiniff did file a document docketed as exhibits in support of his motion. *See* Doc. 37. But this appears to be another copy of the motion filed at Doc. 36. The motion does not refer to any exhibits.

[5]   Some courts in this district have applied an excusable neglect standard where a party fails to timely respond at all to requests for admission and then later seeks leave to respond after the time to do so has expired. *See, e.g.*, *Moffit v. ValueHealth, LLC*, 2024 WL 4930521, at *1 (D. Kan. 2024). To the extent excusable neglect must be shown in the context of a motion under Rule 36(b), Plaintiff has not made that showing.

needed. Although additional discovery could be permitted, it would delay the trial date in this case and would essentially require Defendant to litigate the case twice.

Based on these considerations, the Court denies Plaintiff's motion. *See Moffit*, 2024 WL 4930521, at *3 (denying motion under similar circumstances).

### B.      Motion for Summary Judgment (Doc. 31)

Plaintiff alleges Defendant violated RESPA and its implementing regulation. Doc. 30 at 8. RESPA is a consumer-protection statute. *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1145 (10th Cir. 2013). "Under RESPA, a servicer of a 'federally related mortgage loan' may be liable for damages to a borrower if it fails to adequately respond to a qualified written request (QWR)." *Id.* (quoting 12 U.S.C. § 2605(e)). Upon showing a RESPA violation, a servicer may be required to pay "any actual damages to the borrower as a result of the failure" and "any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance . . . ." 12 U.S.C. § 2605(f).

Defendant moves for summary judgment because Plaintiff has no evidence that he ever sent any correspondence in August 2022, let alone one that qualifies as a QWR, and it is undisputed that the November 2024 letter was not sent to the designated address for QWRs.[6]

---

[6]    On December 12, 2022, an attorney sent a letter to Defendant on behalf of Plaintiff regarding property taxes. DSOF 12. The letter was sent to Defendant at 425 Phillips Blvd., Ewing, New Jersey, 08618. DSOF 13. As the Court previously noted, the complaint does not allege a RESPA violation based on that letter. *See* Doc. 16 at 4 n.3; *see also* Doc. 1-2 at 5 ("Defendant failed to acknowledge two separate QWRs, in August 2022 and November 2024, in violation of RESPA."). There are no allegations in the Pretrial Order about the attorney's letter. The Court therefore focuses on the August 2022 and November 2024 correspondence. Even to the extent Plaintiff did assert a RESPA claim based on the attorney letter, it is undisputed it was not sent to the designated address.

### 1.     **August 2022 Letter**[7]

Defendant argues Plaintiff has no evidence he sent a letter to Defendant in August 2022. Defendant has no record of receiving correspondence from Plaintiff in August 2022. DSOF 10. Plaintiff did not attach it to his complaint and has not produced it in discovery. *See* DSOF 11. In response to the motion, however, Plaintiff asserts that he mailed a letter to Defendant in August 2022. Doc. 39 at 2. But he has not attached a copy of the letter to his response or provided any details that a factfinder could rely on to find the letter existed (for example, when or how he mailed it, an explanation for why he failed to keep a copy, etc.). Although Plaintiff's testimony could be evidence, Plaintiff has not submitted a declaration or affidavit attesting that he sent correspondence to Defendant in August 2022.[8] Even considering Plaintiff's statement in his brief that he sent such a letter, he does not even explicitly assert in his brief that he sent it to the designated address for QWRs.[9]

This does not satisfy Plaintiff's burden at summary judgment. To carry his burden at summary judgment, a nonmovant "may not rely merely on . . . [his] own pleadings." *Nahno-Lopez v. Houser*, 625 F.3d 1279, 1283 (10th Cir. 2010) (internal quotations and citations omitted). "Rather, [he] must come forward with facts supported by competent evidence." *Id.* Without such evidence, no reasonable factfinder could find in his favor on this claim. To the extent Plaintiff had evidence that a factfinder could rely on to conclude he sent a QWR in August 2022 to the correct

---

[7]   As noted above, Plaintiff's factual contentions in the Pretrial Order do not reference the August 2022 letter. Doc. 30 at 3-6. Although it's not clear whether he is pursuing a RESPA claim based on that letter, the parties address it in the briefs and thus the Court does so also.

[8]   Plaintiff has not attached any evidence at all to his response to dispute any of the facts in Defendant's motion.

[9]   The closest Plaintiff comes is disputing "that he 'never mailed' correspondence to the designated address." Doc. 39 at 2. But he does not assert that he sent the missing August 2022 letter to the designated address.

address, this was the time to present it.[10] Plaintiff's failure to do so warrants summary judgment in favor of Defendant to the extent Plaintiff asserts a RESPA claim based on correspondence sent in August 2022.

### 2.    November 2024 Letter

Defendant argues that Plaintiff's November 2024 letter was not sent to the designated address for QWRs.[11] RESPA has an implementing regulation, Regulation X. *See Berneike*, 708 F.3d at 1145. Under the current iteration of Regulation X, "[a] servicer may, by written notice provided to a borrower, establish an address that a borrower must use to request information in accordance with the procedures in this section." 12 C.F.R. § 1024.36(b); *see also* 12 C.F.R. § 1024.35(c) (similar provision regarding notices of error).[12] "To establish a QWR address, a loan servicer must tell the borrower that she must send notices of error or requests for information to the designated address." *Warren v. Green Tree Servicing, LLC*, 663 F. App'x 703, 709 (10th Cir. 2016) (citation modified); *see also* 12 C.F.R. § 1024.35(c) ("The notice shall include a statement that the borrower must use the established address to assert an error."); 12 C.F.R. § 1024.36(b) ("The notice shall include a statement that the borrower must use the established address to request

---

[10]   Defendant filed the requisite Notice to a Pro Se Litigant Who Opposes Summary Judgment. Doc. 33. That notice cautioned Plaintiff specifically about his obligations: "In short, Fed. R. Civ. P. 56 provides that you may not oppose summary judgment simply by relying upon the allegations in your complaint. Rather, you must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising specific facts that support your claim. If you have proof of your claim, now is the time to submit it." *See id.* at 1.

[11]   The Court assumes without deciding, as Defendant does, that the November 2024 otherwise satisfied the criteria for QWRs. *See* Doc. 32 at 6. The Court also notes that Defendant does not dispute that it received the November 2024 letter.

[12]   When RESPA was originally passed, it fell under the authority of the Department of Housing and Urban Development. *Berneike*, 708 F.3d at 1145 n.3. The Bureau of Consumer Financial Protection later assumed RESPA's regulatory authority after passage of the Dodd-Frank Wall Street Reform and Consumer Protection Act. *Id.* Because of this change, substantially similar regulations were re-codified. *See id.* Although Dodd-Frank made some substantive changes to RESPA, like the time allowed to respond to QWRs, it appears the relevant portions of the statute and Regulation X are like the previous versions. *See Romero v. Bank of Am., NA*, 2015 WL 265057, at *6 n.4 (D. Kan. 2015). Thus, caselaw citing earlier versions of RESPA and Regulation X remains persuasive.

information."). Designation of an address for QWRs is subject to a "clear and conspicuous requirement." *Warren*, 663 F. App'x at 708; *see also* 12 C.F.R. § 1024.32(a)(1).

In *Berneike*, the Tenth Circuit held that "a servicer's receipt of a QWR at the designated address is required to trigger RESPA duties and liability under § 2605." 708 F.3d at 1147. The Tenth Circuit has also found that a servicer does not waive its right to receive QWRs at a designated address by responding to correspondence sent to a different address. *See id.* at 1149.

Here, it is undisputed that Plaintiff never mailed letters to Defendant at PO Box 77423, Ewing, New Jersey 08628, which was the address designated by Defendant for QWRs. *See* DSOF 4. It is undisputed that the November 2024 letter was sent to PO Box 77404, a different address than the one designated by Defendant. *See* DSOF 15 (including response). Under *Berneike*, Defendant's obligation under RESPA was not triggered because the November 2024 correspondence was not sent to the designated address.

The only argument Plaintiff makes against granting Defendant summary judgment regarding the November 2024 letter is that Defendant did not properly designate an address under 12 C.F.R. § 1024.35(c) because that provision permits a servicer to designate an address "only if proper written notice is provided stating that the borrower must use that address" and Defendant has not satisfied that requirement. Doc. 39 at 1-3 (disputing whether Defendant "properly established an exclusive address under 12 C.F.R. § 1024.35(c)").

As discussed above, the relevant regulation states:

> A servicer may, by written notice provided to a borrower, establish an address that a borrower must use to submit a notice of error in accordance with the procedures in this section. The notice shall include a statement that the borrower <u>must use the established address</u> to assert an error.

12 C.F.R. § 1024.35(c) (emphasis added). Here, it is undisputed that Defendant sent Plaintiff many notices and statements stating that "Qualified Written Requests, notifications of error, or requests for information concerning your loan <u>must be directed to</u> PO Box 77423 Ewing NJ 08628." *See, e.g.*, Doc. 32-1 at 34 (emphasis added). This statement was bolded on the first page of almost all monthly statements and notices sent to Plaintiff.[13] *See, e.g.*, *id.* Plaintiff contends that Defendant never established a specific address he "must use." But Defendant's designation quite literally says just that. No reasonable factfinder could conclude otherwise.

In sum, Plaintiff has not come forward with any evidence that he sent correspondence in August 2022 that triggered Defendant's obligations under RESPA. And it is undisputed that the letter sent in November 2024 was not sent to the address that Defendant exclusively designated for QWRs. Defendant's obligation under RESPA was never triggered and it is entitled to summary judgment.[14]

## IV.    CONCLUSION

THE COURT THEREFORE ORDERS that Defendant's Motion for Summary Judgment (Doc. 31) is GRANTED. The clerk shall enter judgment in favor of Defendant.

---

[13]  As discussed, there is a "clear and conspicuous" requirement for designating an address. Plaintiff does not argue that Defendant's designation failed to meet this requirement.

[14]  Defendant alternatively argues Plaintiff has no evidence of a pattern or practice of RESPA violations that would entitle Plaintiff to statutory damages and he has no evidence of actual damages. *See* 12 U.S.C. § 2605(f) (allowing for actual damages and "any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $2,000"). Although Plaintiff "disputes Defendant's assertion that no damages exist and reserves the right to prove actual damages and statutory damages at trial," Doc. 39 at 3, he has not presented any evidence at summary judgment that he has any actual damages, or connected those damages to a RESPA violation, *see Fowler v. Bank of Am., Corp.*, 747 F. App'x 666, 669-70 (10th Cir. 2018) ("RESPA creates a private cause of action only for borrowers who can show actual damages from a servicer's noncompliance" or "statutory damages of up to $2,000 per violation if they can show the violation was part of a 'pattern or practice of noncompliance' with RESPA's requirements."). Nor has he pointed to any evidence from which a reasonable factfinder could find a pattern or practice of non-compliance with RESPA by Defendant. Even if Defendant's response to the November 2024 letter was a RESPA violation, that would not show a pattern or practice. *See Jones v. Fay Servicing, LLC*, 2020 WL 569771, at *5 (D. Kan. 2020) ("The Court does not consider one untimely response a pattern or practice."). Defendant would alternatively be entitled to summary judgment on any claim for damages.

THE COURT FURTHER ORDERS that Plaintiff's Motion to Withdraw or Amend Deemed Admissions (Doc. 36) is DENIED.

THE COURT FURTHER ORDERS that this case is closed.

IT IS SO ORDERED.

Dated: April 14, 2026                    /s/ *Holly L. Teeter*
                                         HOLLY L. TEETER
                                         UNITED STATES DISTRICT JUDGE